ORIGINAL

DARRYL M. WOO (CSB NO. 100513)
dwoo@fenwick.com
VIRGINIA K. DEMARCHI (CSB NO. 168633)
vdemarchi@fenwick.com
MICHELLE CAI (CSB NO. 238838)
mcai@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Plaintiffs
YMAX CORPORATION, YMAX
COMMUNICATIONS CORP., MAGICJACK LP,
TIGER JET NETWORKS, INC., and STRATUS
TELECOMMUNICATIONS LLC

E-filing

ADR

FILED
2010 MAR -4 P 2:23
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

YMAX CORPORATION, YMAX
COMMUNICATIONS CORP.,
MAGICJACK LP, TIGER JET
NETWORKS, INC. and STRATUS
TELECOMMUNICATIONS LLC,

    Plaintiffs,

v.

AT&T CORP.,

    Defendant.

Case No. C10-00932 PVT

**COMPLAINT FOR DECLARATORY JUDGMENT**

**DEMAND FOR JURY TRIAL**

    Plaintiffs YMax Corporation., YMax Communications Corp., magicJack LP, Tiger Jet Networks, Inc., and Stratus Telecommunications LLC for their Complaint for Declaratory Judgment against defendant AT&T Corp. aver the following:

**NATURE OF THE ACTION**

    1.    This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 6,487,200.

COMPLAINT FOR DECLARATORY JUDGMENT

## PARTIES

2. Plaintiff YMax Corporation is a corporation organized and existing under the laws of Delaware, with a principal place of business at 5700 Georgia Avenue, West Palm Beach, Florida 33405.

3. Plaintiff YMax Communications Corp. is a corporation organized and existing under the laws of Delaware, with a principal place of business at 5700 Georgia Avenue, West Palm Beach, Florida 33405. YMax Communications Corp. provides a proprietary Voice over Internet Protocol ("VoIP") network.

4. Plaintiff magicJack LP is a limited partnership organized and existing under the laws of Delaware, with a principal place of business at 5700 Georgia Avenue, West Palm Beach, Florida 33405. magicJack LP markets and sells the magicJack®, a portable device that allows its users to make and receive free local and long distance phone calls over the Internet by plugging the device into a computer. The magicJack® has garnered numerous industry awards and accolades.

5. Plaintiff Tiger Jet Networks, Inc. is a corporation organized and existing under the laws of California, with a principal place of business at 1250 Oakmead Parkway, Sunnyvale, California 94085. Tiger Jet Networks, Inc. designs and supplies integrated circuits used in the magicJack®.

6. Plaintiff Stratus Telecommunications LLC is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 15 Prestige Circle, Allen, Texas 75002. Stratus Telecommunications LLC provides VoIP infrastructure through a suite of network solutions.

7. YMax Communications Corp., Tiger Jet Networks, Inc. and Stratus Telecommunications LLC are wholly owned subsidiaries of YMax Corporation. magicJack LP is a limited partner of YMax Corporation.

8. Defendant AT&T Corp. ("AT&T") is a corporation organized and existing under the laws of New York, with a principal place of business at One AT&T Way, Bedminster, New Jersey 07921. On information and belief, AT&T is one of the worlds' largest providers of

telecommunications services and equipment. On information and belief, AT&T has offices and facilities throughout the United States, including in the Northern District of California, and it conducts substantial business in this District. On information and belief, AT&T is the owner of all rights, title and interest in U.S. Patent No. 6,487,200 ("the '200 patent"). A true and correct copy of the '200 patent is attached hereto as Exhibit A.

## JURISDICTION

9. This action arises under the patent laws of the United States, Title 35 of the United States Code, and under the Declaratory Judgment Act, 28 U.S.C. § 2201. The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

10. An actual controversy exists between Plaintiffs and AT&T by virtue of AT&T's assertion of rights under the '200 patent against Plaintiffs based on the sale of the magicJack®. AT&T has repeatedly asserted that sales of the magicJack® violate the '200 patent, and AT&T has further asserted that YMax Corporation requires a license to the '200 patent. Among other communications, in a letter dated January 12, 2010 addressed to Donald A. Burns of plaintiff YMax Corporation, Mr. Joseph M. Sommer, Assistant Vice President of AT&T Intellectual Property, L.L.C., stated that AT&T is "convinced of YMAX Corporation's need for a license to that patent [*i.e.* the '200 patent] for use in its magicJack product offering." Further communications from AT&T since the January 12, 2010 have been to similar effect.

11. Plaintiffs contend that they have a right to make, use, sell and/or offer for sale the magicJack® without obtaining a license to the '200 patent from AT&T.

## VENUE

12. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and (c).

## INTRADISTRICT ASSIGNMENT

13. This is an Intellectual Property Action. Pursuant to Civil Local Rule 3-2(c), the action may be assigned on a district-wide basis.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,487,200)**

14. Plaintiffs hereby incorporate by reference paragraphs 1 through 13 of this

COMPLAINT FOR DECLARATORY JUDGMENT 3

1  Complaint as if fully set forth herein.

2     15.   AT&T claims to be the owner of the '200 patent.

3     16.   AT&T has asserted that Plaintiffs require a license to the '200 patent and that the
4  manufacture, use, sale and/or offer for sale of the magicJack® infringes the '200 patent.

5     17.   Plaintiffs are not infringing, have not infringed, and are not liable for any
6  infringement of any valid claim of the '200 patent.

7     18.   Absent a declaration of non-infringement of the '200 patent, AT&T will continue
8  to assert the '200 patent against Plaintiffs and will in this way cause damage to Plaintiffs.

9     19.   Plaintiffs seek a declaration that they have not and do not infringe the '200 patent
10 and that they are not otherwise liable for infringement.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of U.S. Patent No. 6,487,200)**

20.   Plaintiffs hereby incorporate by reference paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21.   AT&T claims to be the owner of the '200 patent.

22.   AT&T has asserted that Plaintiffs require a license to the '200 patent and that the manufacture, use, sale and/or offer for sale of the magicJack® infringes the '200 patent.

23.   The '200 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, United States Code, or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 102, 103, and 112, because the alleged invention was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or on sale for more than one year before the date of the patent applications; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not contain a proper written description; or does not disclose the best mode of the invention.

24.   Absent a declaration of invalidity of the '200 patent, AT&T will continue to assert the '200 patent against Plaintiffs and will in this way cause damage to Plaintiffs.

25. Plaintiffs seek a declaration that the claims of the '200 patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35, United States Code, or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§102, 103, and 112.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief against AT&T as follows:

A. For entry of judgment declaring that Plaintiffs do not infringe, directly or indirectly, any claims of the '200 patent;

B. For entry of judgment declaring that the claims of the '200 patent are invalid;

C. That this is an exceptional case within the meaning of 35 U.S.C. § 285 and that Plaintiffs be awarded their attorneys' fees; and

D. That Plaintiffs be awarded such other and further relief as the court deems just and proper.

Dated: March 4, 2010

FENWICK & WEST LLP

By: /s/ Virginia K. DeMarchi
Virginia K. DeMarchi

Attorneys for Plaintiffs
YMAX CORPORATION, YMAX COMMUNICATIONS CORP., MAGICJACK, LP, TIGER JET NETWORK, INC. and STRATUS TELECOMMUNICATIONS LLC

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a jury trial as to all matters triable of right by a jury.

Dated: March 4, 2010

FENWICK & WEST LLP

By: /s/ Virginia K. DeMarchi
Virginia K. DeMarchi

Attorneys for Plaintiffs
YMAX CORPORATION, YMAX COMMUNICATIONS CORP., MAGICJACK LP, TIGER JET NETWORKS, INC., and STRATUS TELECOMMUNICATIONS LLC