**United States District Court**
For the Northern District of California

1
2
3              UNITED STATES DISTRICT COURT
4              NORTHERN DISTRICT OF CALIFORNIA
5
6
7   YMAX CORPORATION, et al.,
8              Plaintiffs,                    No. C 10-0932 PJH
9        v.                                   **ORDER DENYING MOTIONS TO**
                                              **TRANSFER AND DISMISS**
10  AT&T INTELLECTUAL PROPERTY II,
    L.P.,
11
12             Defendant.
    _____/
13
14          Defendant's motions to transfer the action and to dismiss plaintiffs Tigerjet Networks,
15  Inc. ("Tigerjet"), and Stratus Telecommunications LLC ("Stratus") for lack of standing, came
16  on for hearing before the court on July 28, 2010.  Plaintiffs YMax Corporation ("YMax
    Corp."), YMax Communications Corp. ("YMax Comm."), magicJack LP ("magicJack"),
17  Tigerjet, and Stratus (all collectively "plaintiffs"), appeared through their counsel, Virginia
18  DeMarchi, and Darryl Woo.  Defendant AT&T Intellectual Property II, L.P. ("AT&T" or
19  "defendant") appeared through its counsel, Claudia Wilson Frost.  Having read all the
20  papers submitted and carefully considered the relevant legal authority, the court hereby
21  DENIES both motions, as stated at the hearing, and summarized as follows.
22          1.      Defendant's motion to transfer the action to the Southern District of Florida is
23  DENIED, for failure to establish that transfer is warranted pursuant to 28 U.S.C. § 1404(a).
24  See, e.g., Van Dusen v. Barrack, 376 U.S. 612, 616 (1964); A.J. Indus., Inc. v. United
25  States Dist. Ct., 503 F.2d 384, 389 (9th Cir. 1974)(noting as factors to be considered that of
26  the convenience of the parties; the convenience of the witnesses; judicial economy; and
27  relative ease of access to proof, among others).  Plaintiff's choice of forum warrants some
28  deference, at a minimum, and at least one of the plaintiffs – Tigerjet – is a California

1    plaintiff. Furthermore, Tigerjet witnesses are likely to have significant knowledge about the

2    design, development and operation of the magicJack device, and at least two of the

3    plaintiffs have offices and documents and evidence located outside of Florida. See Sing

4    Decl., ¶¶ 5-6. Given that defendant, moreover, has not demonstrated that any of its *own*

5    witnesses and documents are located in Florida, the court cannot conclude that defendant

6    has discharged its burden to demonstrate that Florida is a more convenient forum to litigate

7    the action, as contemplated by section 1404(a).

8         2.      Defendant's motion to dismiss Tigerjet and Stratus for lack of standing is

9    similarly DENIED. Plaintiffs' complaint alleges that all five plaintiffs – including Tigerjet and

10    Stratus – have ties to the primary plaintiff YMax Corp. and furthermore, that each are

11    involved in the magicJack product offering. SAC, ¶¶ 2-7. Plaintiffs also allege that

12    collectively, they all have the right to "make, use, sell and/or offer for sale the magicJack,"

13    contrary to defendant's position. Id., ¶ 14. Thus, a valid controversy regarding

14    infringement as to both targeted plaintiff entities has been adequately pled. Furthermore,

15    defendant concedes that it seeks dismissal without prejudice to its ability to sue Tigerjet or

16    Stratus in the future, if their activities are found to infringe defendant's patent. Thus, in

17    view of plaintiffs' stated allegations and the potential for the evidentiary record to further

18    flesh out Tigerjet's and Stratus' actual involvement in the magicJack product offering, the

19    court also finds that the interest of judicial economy warrants denial of defendant's motion

20    to dismiss.

21    **IT IS SO ORDERED.**

22    Dated: August 2, 2010

23                                  _____

                                    PHYLLIS J. HAMILTON
                                    United States District Judge

24

25

26

27

28