United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YMAX CORPORATION, et al.,

    Plaintiffs,

    v.

AT&T INTELLECTUAL PROPERTY II, L.P.,

    Defendant.
_____/

No. C 10-0932 PJH

**ORDER GRANTING MOTION FOR LEAVE TO AMEND**

    Plaintiffs' motion for leave to amend the pleadings came on for hearing on November 10, 2010 before this court. Plaintiffs YMax Corporation, YMax Communications Corp., magicJack LP, Tiger Jet Network, Inc., and Stratus Telecommunications LLC (all collectively "plaintiffs"), appeared through their counsel, Virginia DeMarchi. Defendant AT&T Intellectual Property II, L.P. ("plaintiff"), appeared through its counsel, Claudia Wilson Frost. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS plaintiffs' motion, for the reasons stated at the hearing, and summarized as follows:

    The only issue in dispute on plaintiffs' motion is whether plaintiffs' proposed amendments – which seek to add a claim for inequitable conduct and factual allegations in support thereof – would be futile. In determining futility, the must employ a 12(b)(6) standard, and determine whether plaintiffs' proposed amendments proffer enough facts to state a claim for relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1950 (2009); see also Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2

d 1553, 1561 (9th Cir. 1987)(futility standard on motions for leave to amend applies "only if it is clear that the complaint could not be saved by any amendment")(emphasis added).

Here, the court determines that plaintiffs' proposed amendments are not futile. Plaintiff has alleged sufficient facts to state a plausible claim for inequitable conduct. Although defendant has made several arguments in opposition – i.e, that the undisclosed materials identified by plaintiffs are cumulative of materials already before the patent examiner; that all claims pertaining to the purportedly misrepresented/omitted prior art references were withdrawn prior to the patent's issuance; and that neither the PictureTel letter nor the memo referencing different "systems" contained within Dr. Fraser's files constitute material prior art – the court is persuaded that defendant's arguments ultimately seek to advance a premature decision on the merits of plaintiffs' proposed inequitable conduct claim.  Thus, and in view of the requirement that leave to amend be "freely given" when justice so requires, plaintiffs' motion is GRANTED.  See Fed. R. Civ. Proc. 15; see also, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)(leave to amend granted with "extreme liberality").

The court furthermore declines defendant's invitation to stay the instant litigation until such time as the Federal Circuit has issued its decision in a pending matter submitted for en banc review.

Plaintiffs shall file their third amended complaint and amended answer to defendant's counterclaims, no later than December 6, 2010.

**IT IS SO ORDERED.**

Dated: November 16, 2010

PHYLLIS J. HAMILTON
United States District Judge